**In the Matter of C. Archie SAMFORD and Juanita Samford, Debtors.**

**Charles R. WILLIS, Appellant,**

**v.**

**Fredrich J. CRUSE, Appellee.**

**No. N89–00081C.**

United States District Court, E.D. Missouri, N.D.

March 20, 1991.

Scott Greenberg, Leslie A. Davis, Clayton, Mo., Trustee in bankruptcy for C. Archie & Juanita Samford.

Charles R. Willis, St. Louis, Mo., pro se.

## MEMORANDUM OPINION

GUNN, District Judge.

Attorney Charles R. Willis appeals from an order of Bankruptcy Judge David P. McDonald of the United States Bankruptcy Court, Eastern District of Missouri, Northern Division, directing him to pay over to the trustee in the captioned matter $1,200 in legal fees received from the debtors.

Appellant Willis challenges the Bankruptcy Court's jurisdiction for its order, alleging: 1) the fees were collected for services rendered outside the bankruptcy case; 2) the court is limited to a determination only as to whether the fees were reasonable; 3) there was no service of process upon appellant in the proceeding to recover the fees; and 4) procedures followed for recovery of the fees were without any authority, as the underlying bankruptcy case had been closed.

The order of Judge McDonald is affirmed.

The facts are not much in dispute and are accurately set forth in Judge McDonald's memorandum opinion.

On March 2, 1987, pursuant to Chapter 12 of the U.S. Bankruptcy Code, the debtors, C. Archie Samford and Juanita L. Samford, filed a voluntary petition in bankruptcy. The plan was confirmed shortly thereafter, on July 14, 1987, which required the debtors to make a first annual payment to creditors on December 15, 1987. However, full and timely payments were not made within the confirmed plan deadline, but subsequently farm income totaling $31,742.72 was paid over to the trustee. A subsequent distribution order was issued on June 17, 1988 which required distribution of funds to creditors, reserving $1,000 for administrative expenses. No appeal was taken from this order.

During the pendency of the bankruptcy proceedings, prior to the final distribution order, and without the knowledge of the

Fredrich J. Cruse, Hannibal, Mo., pro se.

Vicki A. Dempsey, Hannibal, Mo., for Fredrich J. Cruse/appellee.

bankruptcy court or their bankruptcy attorney, the debtors retained appellant to represent them in certain Missouri state court legal proceedings having to do with real estate foreclosures. Retainer fees paid to appellant totaled $1,200. The hiring of appellant and the payment to him of legal fees of $1,200 was without knowledge or authorization by the Bankruptcy Court.

At Judge McDonald's request, appellant appeared before the Bankruptcy Court on April 13, 1988 and made explanation to the Court that he had been retained by the debtors to represent them in non-bankruptcy matters. On June 17, 1988, Judge McDonald issued his order requiring appellant to account for fees and expenses pursuant to Bankruptcy Rule 2016 and 11 U.S.C. § 329 and to appear on July 19, 1988 to show cause why he should not turn over to the trustee the fees and expenses received from the debtors.

On June 22, 1988, motion was made on behalf of the debtors for the dismissal of the Chapter 12 proceedings. In response, the Bankruptcy Court issued the following order:

ORDERED THAT

(1) The oral motion to dismiss filed by the Debtors, C. Archie Samford and Juanita Samford, is SUSTAINED, the voluntary Chapter 12 petition was DISMISSED effective June 22, 1988, and the automatic stays of 11 U.S.C. § 362 were terminated effective June 22, 1988; and

(2) The Debtors shall file a final report with the Trustee not later than July 19, 1988 consisting of an operating report and summaries of the operation of the Debtors' business, including a statement of receipts and disbursements of *all* funds to embrace the period between March 2, 1987 and June 22, 1988 and a final inventory of all equipment, inventory, livestock, and crops.

IT IS FURTHER ORDERED that the Court shall retain limited jurisdiction in this case for the purpose of resolving the following administrative issues:

1. A final accounting by the Debtors;

2. Determine the amount of administrative expenses of the Trustee and attorneys; and

3. Determine appropriate distribution of funds retained by the Trustee.

Appellant filed compliance with the Court's June 17, 1988 order and appeared in Court for hearing on July 19, 1988, at which time appellant and the debtors presented evidence regarding the payment of the $1,200 fees to appellant, with debtor Samford stating that the fees came from funds obtained from Mrs. Samford's working extra shifts and from living expenses provided by the confirmed Chapter 12 plan. Appellant challenged the Court's jurisdiction in this regard asserting that the case had been dismissed by the Court's June 22, 1988 order.

On April 20, 1988, Judge McDonald issued his opinion and order directing appellant "to turn the $1,200 fee he received from the Debtors over to the Trustee for distribution pursuant to the confirmed Chapter 12 Plan of Reorganization."

In an accompanying opinion, the Court concluded that it had jurisdiction under 28 U.S.C. §§ 1334, 151 and 157 and Local Rule 29; that the dispute was a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Judge McDonald ordered appellant to return the $1,200 fee for the reasons that neither the debtors nor appellant, knowing of the bankruptcy proceedings, had sought court approval of the representation of the debtors and that the funds used for payment of the fee were property of the estate.

Appropriate procedures were followed for taking appeal to this court.

■ Appellant's first contention on appeal is that the Bankruptcy Court lacked jurisdiction to recover attorney's fees paid to appellant, as the services rendered were not in contemplation of any case under Title 11. There is no merit to this contention.

The Bankruptcy Judge properly found this dispute to be a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) which include broadly "matters concerning the ad-

ministration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or equity security holder relationship...."

And 28 U.S.C. § 157(b)(3) provides:

The bankruptcy judge shall determine on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law.

This language is intended to give the bankruptcy court expansive jurisdiction in any proceeding that "could conceivably have any effect on the estate being administered...." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984); *accord In re Titan Energy, Inc.*, 837 F.2d 325, 330 (8th Cir.1988).

■ Judge McDonald properly found that appellant was paid by the debtors from funds which should have been property of the estate and used for distribution to creditors, rather than for unnecessary and improper personal expenses by way of unapproved legal fees.

The representation of debtors by appellant to set aside a foreclosure was in connection with the pending bankruptcy. In this regard, appellant's efforts to recover his legal fees run afoul of the basic tenet that employment of counsel requires the Court's approval. Title 11, § 327(a); *In re STN Enterprises, Inc.*, 73 B.R. 470, 482 (Bankr.D.Vt.1987); *aff'd on other grounds*, 779 F.2d 901 (2d Cir.1985); *Matter of Richland Building Systems, Inc.*, 40 B.R. 156, 159 (Bankr.W.D.Wis.1984).

Bankruptcy Rule 2017(b) also contemplates that the Bankruptcy Court retains substantial control over the payment of attorneys and whether such fees bear any relation to the case. The Bankruptcy Court here properly found debtors' payment of fees to appellant was related to the case, were not approved by the Court and amounted to a dilution of the estate's assets which should have been applied to creditors' interests. In short, the Bankruptcy Court properly found that fees paid by debtors to appellant were part of the estate—certainly related to the administration of the estate. There is no question, then, that the Bankruptcy Court had jurisdiction over the estate money that was ultimately paid by the debtors to the appellant. *State of Missouri v. U.S. Bankruptcy Court*, 647 F.2d 768, 774 (8th Cir.1981); *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982).

Next, appellant notes that the object of the Bankruptcy Court's jurisdiction pertains to attorney's fees. In such case, appellant argues that that Court's inquiry under 11 U.S.C. § 329(b) is limited to a determination only as to the reasonableness of those fees.

■ But such argument overlooks the fact that an attorney performing services for a debtor during the pendency of a Chapter 11 proceeding is not entitled to any compensation if the employment has not been approved by the Court. *In re Peoples Savings Corp.*, 114 B.R. 151, 155 (Bankr.E. D.Ill.1990); *In re Hargis*, 73 B.R. 622, 626 (Bankr.N.D.Tex.1987). Appellant's employment was not approved by the Court, nor has there been compliance with Bankruptcy Code provisions regarding any appointment of him as an attorney. *In re McDaniels*, 86 B.R. 128, 129–30 (Bankr.S.D.Ohio 1988).

■ Appellant's third argument is based on the premise that there was no compliance with Rule 7004 regarding service of process in an adversary proceeding.

The simple answer to this point is that the matter at issue is not an adversary proceeding, and the adversary procedures of Rule 7004 are not applicable. *In re Williams*, 13 B.R. 640, 641–42 (Bankr.E.D. Wash.1981). In seeking the return of the funds determined to be part of the estate, the Bankruptcy Court was merely exercising its broad equitable powers over the estate which are conferred by 11 U.S.C. § 105.

**234**

Furthermore, there was no due process violation, as appellant was given notice of the Court's intended proceedings and given full opportunity to be heard.

Appellant's final argument is that the Bankruptcy Court had no jurisdiction to enter its order for recovery of the fees, as that order was issued subsequent to the Court's order dismissing the bankruptcy case. This point is destitute of merit. It is a fundamental precept that after dismissal of the case, the bankruptcy court may retain jurisdiction over the property. *In re Miranne*, 87 B.R. 897, 900–01 (E.D.La.), *aff'd mem.*, 861 F.2d 1278 (5th Cir.1988); *In re Lerch*, 85 B.R. 491, 493 (Bankr.N.D. Ill.1988).

In this case, Judge McDonald specifically retained jurisdiction to resolve administrative matters, viz., final accounting, determination of administrative expenses, and determination of distribution of funds. This would include the matters at issue here.

The order of the Bankruptcy Court directing appellant to turn over his $1,200 fee to the trustee for distribution pursuant to the confirmed Chapter 12 plan of reorganization is affirmed.