BRORBY, Circuit Judge.
 

 Appellants, debtors Mr. and Mrs. Land and their attorney, appeal from a district court order affirming a bankruptcy court decision denying appellants’ motion for nunc pro tunc approval of debtors’ ap
 
 *1266
 
 plication to employ their attorney, made pursuant to 11 U.S.C. § 327, and the bankruptcy court’s order requiring debtors’ attorney to return the fees paid to him on debtors’ behalf by third parties.
 
 [1]
 
 This court will review the district court’s legal determinations de novo, but will accept the bankruptcy court’s factual findings unless clearly erroneous.
 
 Heape v. Citadel Bank (In re Heape),
 
 886 F.2d 280, 282 (10th Cir.1989). The bankruptcy court’s denial of a motion for nunc pro tunc approval of an application for the employment of a professional will not be disturbed absent an abuse of the bankruptcy court’s discretion.
 
 See Carlson v. Burns Nat’l Bank (In re Ewing),
 
 54 B.R. 952, 954-55 (D.Colo.1985). We affirm.
 

 Debtors, acting pro se, commenced bankruptcy proceedings October 22, 1985, by filing a voluntary Chapter 11 petition. During these bankruptcy proceedings, debtors’ attorney advised debtors and appeared before the bankruptcy court on their behalf.
 

 In April 1986, while the bankruptcy proceedings were still pending, the attorney, again on debtors’ behalf, commenced state court litigation against one of debtors’ primary creditors, First National Bank of Ala-mosa (Bank). The attorney received compensation for pursuing the state court litigation from several of debtors’ family members. This state court litigation was the sole asset of the bankruptcy estate.
 
 See Land v. First Nat’l Bank (In re Land),
 
 116 B.R. 798, 804 (D.Colo.1990). The bankruptcy court found, and appellants have not disputed, that the primary contributor of attorney’s fees, Mr. Land’s brother, expected to be repaid from any judgment in debtors’ favor entered in the state court litigation.
 
 See id.
 
 at 805-06.
 

 The bankruptcy court, with the state action still pending, dismissed debtors’ bankruptcy action March 21, 1988. Prior to dismissing the bankruptcy proceedings, however, the bankruptcy court ordered debtors’ attorney to “comply, forthwith, with all applicable requirements imposed upon counsel and debtors in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice” concerning debtors’ employment and compensation of their attorney, “which shall include, but is [sic] not limited to, 11 U.S.C. §§ 327, 329, 330 and Bankruptcy Rules 2014 and 2016.” Rec. vol. I, doc. 85.
 

 Section 327(a) provides that the bankruptcy “trustee, with the court’s approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee’s duties under this title.” Section 327(a) is made applicable to debtors, as debtors-in-possession, 11 U.S.C. § 1101(1), under 11 U.S.C. § 1107(a).
 
 See Fanelli v. Hensley (In re Triangle Chems., Inc.),
 
 697 F.2d 1280, 1283-84 (5th Cir.1983).
 

 In order to comply with section 327(a) and obtain approval of the employment of an attorney, Bankr.R. 2014(a) requires that a debtor-in-possession apply to the bankruptcy court,
 

 stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant’s knowledge, all of the person’s connections with the debt- or, creditors, or any other party in interest, their respective attorneys and accountants.
 

 Upon the bankruptcy court’s approval of an attorney’s employment, the attorney may receive compensation from the bankruptcy estate, subject to the bankruptcy court’s determination that such compensation is reasonable. 11 U.S.C. §§ 328(a), 330(a)(1). In order to receive compensation from the bankruptcy estate, however, the
 
 *1267
 
 attorney must make a detailed application to the bankruptcy court stating “(1) the services rendered, time expended and expenses incurred, and (2) the amounts requested,” as well as detailing, among other things, any previous payments received, any agreement for future compensation, and the source of these payments. Bankr.R. 2016(a).
 

 Regardless of whether an attorney representing a debtor intends to seek compensation from the bankruptcy estate, the attorney must
 

 file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.
 

 11 U.S.C. § 329(a). Section 329(b) gives the bankruptcy court the authority to determine whether “such compensation exceeds the reasonable value of any such services” and if the court so determines, authority to “cancel any such agreement, or order the return of any such payment, to the extent excessive,” to the trustee, if the payment came from the bankruptcy estate or was to be paid on behalf of debtor under a reorganization plan, or to “the entity that made such payment.”
 

 Pursuant to the bankruptcy court’s March 21, 1988 order, debtors’ attorney filed several inadequate section 329 disclosure statements, but refused to seek approval for his employment under section 327, asserting that such approval was unnecessary. The bankruptcy court ordered the attorney to return the compensation he had received from debtors’ family members to those third parties. Appellants appealed that decision to the district court, but subsequently dismissed the appeal.
 

 Appellants then filed, on March 30, 1989, an application for nunc pro tunc approval, under section 327, of debtors’ employment of their attorney. The bankruptcy court denied this application. In determining that there was no justification for this untimely application, the bankruptcy court noted the “tortured history” of the case, the attorney’s obstinance in cooperating with the bankruptcy court, and the fact that the attorney had failed, for over four years, to comply with the applicable Bankruptcy Code provisions, as ordered by the bankruptcy court. Appellants appealed to the district court, which affirmed.
 
 In re Land,
 
 116 B.R. 798 (D.Colo.1990).
 

 Now on appeal to this court, appellants’ sole argument is that the bankruptcy court erred in ordering debtors’ attorney to return the fees he received from third parties on debtors’ behalf because the bankruptcy court did not conduct an evidentiary hearing and did not determine that the fees were excessive, as required under section 329. Section 329 does authorize a bankruptcy court to require a professional to return part of the compensation received from a debtor’s bankruptcy estate, where the bankruptcy court determines those fees are excessive. 11 U.S.C. § 329(b).
 

 In this case, however, the bankruptcy court ordered the attorney to return the fees to the third parties, not because those fees were excessive, but because the attorney had never obtained the bankruptcy court’s approval of his employment by the debtors.
 
 See Willis v. Cruse (In re Samford),
 
 125 B.R. 230, 233 (E.D.Mo.1991). Return of compensation received is an appropriate remedy where the debtor or the attorney fails to obtain the bankruptcy court’s approval of the attorney’s employment.
 
 See, e.g., id.
 
 at 232-34;
 
 In re Prime Foods of St. Croix, Inc.,
 
 80 B.R. 758, 761 (D.V.I.1987).
 

 Even if the bankruptcy court, in its discretion, had authority to grant appellants’ application for nunc pro tunc approval of the attorney’s employment,
 
 [2]
 
 nunc pro tunc approval is only appropriate in the
 
 *1268
 
 most extraordinary circumstances.
 
 See In re Ewing,
 
 54 B.R. at 955. Simple neglect will not justify nunc pro tunc approval of a debtor’s application for the employment of a professional.
 
 In re Arkansas Co.,
 
 798 F.2d 645, 649-50 (3d Cir.1986). This appeal does not present any extraordinary circumstances. The bankruptcy court, therefore, did not abuse its discretion in denying appellants’ application for nunc pro tunc approval of debtors’ employment of their attorney.
 

 On appeal, the Bank requests this court impose an award of costs and attorney’s fees against appellants pursuant to 10th Cir.R. 39 and 46.5. As the prevailing party, the Bank is entitled to an award of costs. Fed.R.App.P. 39(a).
 

 Tenth Circuit Rule 46.5 provides for an award of expenses incurred, including reasonable attorney’s fees, against an attorney who signs a brief which is not “well grounded in fact” or which is not “warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.” Debtors’ attorney received notice of the Bank’s request for an award of fees, as it was included in the Bank’s appellate brief, and the attorney had an opportunity to respond.
 
 See Braley v. Campbell,
 
 832 F.2d 1504, 1514-15 (10th Cir.1987). Because appellants’ argument on appeal is frivolous, we grant the Bank’s request for an award of attorney’s fees and the reasonable expenses incurred by the Bank in this appeal, to be imposed against debtors’ attorney.
 

 The order of the United States District Court for the District of Colorado is AFFIRMED. The cause is REMANDED to the district court for a determination of the amount of attorney’s fees and costs the Bank incurred on appeal.
 

 [1]
 

 . After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 

 [2]
 

 . Courts are divided on the issue of whether a bankruptcy court possesses the authority to approve nunc pro tunc a debtor's application to employ a professional.
 
 See generally In re Triangle Chems., Inc., 697
 
 F.2d at 1285-88. It is not necessary to the resolution of this appeal for this court to determine whether or not the bankruptcy court possessed this authority.