**In re CALKINS, Floyd, Jr., and Margaret L., Debtors.**

**Bankruptcy No. BK–86–00144–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Aug. 20, 1992.

Charles E. Snyder, Oklahoma City, Okl., for the U.S. Trustee Office.

Kenneth L. Spears, Oklahoma City, Okl., trustee.

## ORDER DENYING TRUSTEE'S MOTION FOR RETROACTIVE ORDER APPROVING EMPLOYMENT OF COUNSEL

RICHARD L. BOHANON, Chief Judge.

This case was commenced in January, 1986 and the trustee, Kenneth L. Spears, claims he performed legal work in connection with the case and wishes to apply for compensation.[1] He did not obtain court approval of his employment as required by 11 U.S.C. § 327 and now moves for an order of approval retroactively or "nunc pro tunc." The United States Trustee objects to allowance of the relief requested.

At the hearing on the motion the trustee offered no evidence but merely states that the employment should be approved retroactively because the creditors' claims will be paid in full. In fact, the record is more distinguished by what evidence is omitted rather than what is included. There is no evidence of what, if any, legal services were provided; what, if any, benefit they provided the estate; or why the approval was not sought initially.

Further, an examination of the file does not indicate that any legal services were performed or required in connection with administration of the estate. The file shows merely that payments on a note were made to the trustee in the amount of $200 per month until mid 1988 and since that time he merely collected interest on the balance in the bank account. There is no indication that any assets were sold; that the debtor was examined; that any legal services were required in collecting payment on the note; that claims were reviewed for possible objection; or that the trustee did anything but deposit the checks as they were received and, for the last four years, allow interest to accrue on the funds on hand without promptly distributing them to the creditors as required by Bankruptcy Rule 3009.

There is absolutely no showing why administration of a routine case has taken 6 1/2 years, much less that the services of an attorney were required to deposit receipts in a bank account. The most that can be said is that the trustee now has realized that a surplus will be returned to the debtor and he would prefer that it be paid to himself. This is no reason for retroactive approval of the employment of counsel.

The circumstances for retroactive approval of employment are explained fully in *Collier on Bankruptcy*, ¶ 327.02. There it says that such relief may be granted in order to avoid unfair and inequitable consequences and where there is a showing of excusable neglect or some extraordinary circumstances causing the omission in the first place.

In support of his argument for retroactive approval the trustee cites *In re King Electric Company*, 19 B.R. 660 (D., E.D. Virginia, 1982) and *In re Glinz*, 36 B.R. 17 (D., D. North Dakota, 1983). Both of these cases stand for the proposition that orders of approval may be entered retroactively when not to do so would result in inequity and, in both, there had been showings that substantial effort had been performed by counsel for the benefit of the estates.

---

1. The movant is an attorney and § 327(d) provides authorization for the court to approve employment of a trustee to act as an attorney for the estate.

Here there is no showing whatsoever and examination of the file does not show any inequity in denying the request for there is no indication or evidence that any legal services were in fact performed.

Accordingly, the relief requested in the motion is denied.