### In re UNIVERSAL PARTS & SERVICES, INC., Debtor.

### Bankruptcy No. 84–2939–BH.

United States Bankruptcy Court, W.D.Oklahoma.

March 1, 1993.

---

**286**

James Tubb, Oklahoma City, OK, for trustee.

Charles E. Snyder, Oklahoma City, OK, Office of the Asst. U.S. Trustee.

## ORDER DENYING MOTION FOR RETROACTIVE APPOINTMENT OF ATTORNEY

RICHARD L. BOHANON, Chief Judge.

The trustee, Kenneth L. Spears, has requested retroactive appointment of himself as attorney for the trustee and approval of his legal fees in the amount of some $10,-000. He was appointed trustee· in 1985, after conversion of the case from Chapter 11 and began providing legal services. He failed to apply for approval of employment as attorney for the trustee as required by 11 U.S.C. § 327. Apparently in preparation for the closing of the case he has now moved for retroactive approval. The United States Trustee objects to allowance of the relief requested.

The trustee testified, and the case file corroborates, that he did provide necessary and beneficial legal services. He further testified that he failed to file an application for employment of counsel inadvertently, due to pressing activities related to his caseload at that time. He presented no evidence, however, establishing why it has taken him eight years to review the case file and realize that he had not been appointed, nor why it has taken eight years to administer the case.

To further complicate the issue of compensation Mr. Spears appears to have made a habit of ignoring the requirements under the Bankruptcy Code for allowance of payments to himself and other professionals. For example, he has reimbursed himself for expenses of about $1,000 without application or approval. In addition, he has paid fees to his accountant on several occasions without approval.

He did testify that the estate contains assets valued at $72,000, and that priority administrative expense claims arising while the case was being administered under Chapter 11 total $109,000. He requests payment of his compensation for legal services with priority to these claims, pursuant to 11 U.S.C. § 726(b).

The United States Trustee argues that the trustee's neglect of the case over the course of the last seven years caused the delay in application for appointment of an attorney. He contends that the trustee should not be rewarded for his neglect of the case at the expense of the unsecured creditors.

Allowance of retroactive appointment of a professional is permitted in some circumstances in order to avoid unfair and inequitable consequences. However, it may be granted only upon a showing of extraordinary circumstances or excusable neglect. *In re Land*, 943 F.2d 1265 (10th Cir.1991); *In re Calkins*, 143 B.R. 790 (Bankr.W.D.Okla.1992); 3 *Collier on Bankruptcy* § 327.02 (1987).

In this instance there is no evidence establishing the existence of any extraordinary circumstances.

Generally the evidence necessary to establish excusable neglect requires

more than a showing of gross carelessness. *See U.S. v. Thompson,* 438 F.2d 254 (8th Cir.1971); 8 Wright & Miller, *Federal Practice and Procedure* § 2858 (1973 & Supp.1992). Here the seven year time period, from appointment as trustee to the request for retroactive appointment and final account, is the primary factor in determining if under the circumstances the trustee's neglect is excusable.

If the time period had been short it would be far easier to presume that the neglect which occurred was excusable. However, when the neglect extends past a reasonable time under the circumstances it rises to carelessness, which is inexcusable. *See U.S. v. Thompson, supra* at 256. The extent of the passage of time here indicates that the trustee was negligent in filing the required motion for appointment and was also neglectful in administering the case. This negligence is inexcusable. The trustee has had ample opportunity over the course of this case to take the time to merely review the file and ascertain whether any additional actions needed to be taken. He chose not to do so.

While it may appear inequitable to deny compensation for services rendered, the manner in which movant has administered this case has caused hardship on every creditor. Although the largest creditors are large well capitalized institutions and corporations, this case includes a very large number of unsecured claims by smaller trade creditors and employees of the debtor. Under these circumstances, it would be unfair to the creditors to reward the trustee compensation in light of his own gross carelessness. *See In re Sharp,* CIV-89-1722-T (W.D.Okla.1990).

At the very least the delay has caused the creditors loss of their money for a substantial period. Denial of fees to the attorney for the trustee will provide partial compensation for this loss.

Accordingly, the motion for retroactive appointment and allowance of fees is denied.