**In re QUALITY RESPIRATORY CARE, INC., Debtor.**

**Bankruptcy No. 92–21206(7).**

United States Bankruptcy Court, D. Maine.

May 24, 1993.

Order Aug. 10, 1993.

---

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Presently before this Court is the final application by Stephen C. Chute, Esq. ("Applicant") for compensation and reimbursement of expenses (the "Final Application"). Applicant acted as attorney for the Debtor, Quality Respiratory Care, Inc. ("QRC"), throughout its previous Chapter 11 case, which was ultimately dismissed and thereafter closed on October 21, 1992.

Less than two months later, on December 4, 1992, QRC filed this instant Chapter 7 case, utilizing different legal counsel. The appointed Chapter 7 Trustee, William Howison (the "Trustee"), filed a motion for disgorgement to recover retainer monies still being held by Applicant. This Court granted the motion after due notice and a hearing, ordering the funds be turned over to the Trustee[1] and escrowed pending the outcome of this Final Application.

The Final Application is replete with deficiencies and troublesome entries. For example, Applicant is attempting to collect for 23.5 hours of in-house "accountant time," which was neither disclosed in his application for appointment nor justified in the Final Application. Charges are also itemized for "clerical" hours, billed out at $25.00 per hour. In general, secretarial time should be included in Applicant's overhead and is not compensable from the estate. *In re Bicoastal Corp.*, 121 B.R. 653, 655 (M.D.Fla.1990). *In re Walnut Associ-*

---

1. Mr. Chute recently filed a motion for relief from that judgment, requesting additional time to disgorge the funds. By agreement of the parties, the Court allowed him until July 15, 1993 to turn over the funds with accrued interest. See order dated May 12, 1993, Dkt. #22.

*ates,* 1992 WL 361714 (Bankr.E.D.Pa. Dec. 1, 1992).

■ However, this Court prefers to concentrate on Applicant's non-disclosure of the retainer fee received. At no time did Applicant file the statement required of him pursuant to 11 U.S.C. § 329 and F.R.Bky.P. 2016 (the "2016 Statement"), nor did the application to employ him as Debtor's counsel reveal any retainer. The only disclosure of any compensation paid can be found in question 20 of QRC's Statement of Financial Affairs for Debtor Engaged in Business, wherein QRC acknowledged that it had given Applicant a $2,000.00 retainer for the "bankruptcy petition filing."

Approximately 16 months into the Chapter 11 case, Applicant filed an interim fee application in which he disclosed for the first time that he had received $11,390.35 as a retainer. Apparently, QRC had paid him periodic installments throughout the pendency of the Chapter 11 case without notice, disclosure, or court approval. This interim fee application was withdrawn by Applicant prior to its scheduled hearing, and thus was never considered by this Court.

■ Applicant counters that the retainer was disclosed in his interim fee application which, as noted above, was filed well into the Chapter 11 case after he had received the retainer monies and which was ultimately withdrawn. He also contends that the bi-weekly reports submitted to the United States Trustee's Office reflected the payments being made to him. However, the biweekly operating reports are not noticed to all creditors, nor filed with this Court. Furthermore, the precise function of the 2016 Statement is to provide creditors with exactly this specific information, i.e. compensation paid or agreed to be paid to a debtor's attorney. Creditors and this Court should not be forced to scrutinize the biweekly operating reports for information which is required to be provided in a clear and straightforward manner on another statement.

■ Applicant is sufficiently experienced with bankruptcy cases to know the requirement to file and update a 2016 Statement. There are many cases in which counsel's fees were disallowed, and retainers required to be disgorged, where counsel had failed to file the 2016 Statement, even though the failure to do so was the result of neglect, inadvertence, or mistake. *In re Kendavis Industries Int'l., Inc.,* 91 B.R. 742 (N.D.Tex.1988); *In re Saturley,* 131 B.R. 509, 516–17 (D.Me.1991); *In re Fricker,* 131 B.R. 932, 938 (E.D.Pa.1991); *In re Bob's Supermarkets, Inc.,* 146 B.R. 20, 24–26 (D.Mont.1992); *In re Walnut Associates, supra* (recognizing, but not imposing, courts' power to deny compensation); *In re Land,* 116 B.R. 798, 804 (D.Colo.1990), *aff'd,* 943 F.2d 1265 (10th Cir.1991). In the present case, Applicant has not attempted to explain his failure to file the 2016 Statement, but has only tried to minimize the effect. Nonetheless, the case law does not require any *actual* harm. *In re Saturley, supra. In re Bob's Supermarkets, Inc., supra.* This Court finds it most repugnant that Applicant continuously accepted postpetition payments from QRC despite his duty to disclose and apply for prior court approval of these fees. For the above reasons, this Court denies all compensation sought by Applicant.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.

### ORDER

Upon the Motion for Reconsideration filed by Stephen C. Chute, Esq. ("Applicant") for relief from this Court's ruling issued in a Memorandum of Decision and Order dated May 24, 1993, after due notice and a hearing, it is hereby

ORDERED that the motion is granted only to the extent that Applicant shall be and hereby is awarded $673.77 in expenses; and it is further

ORDERED that, in all other respects, Applicant's motion is denied.