## In re FRANKLIN SAVINGS CORPORATION, Debtor.

**Bankruptcy No. 91–41518–11.**

United States Bankruptcy Court, D. Kansas.

Jan. 11, 1995.

R. Pete Smith and Jonathan A. Margolies of McDowell, Rice & Smith, Kansas City, MO, for debtor.

Michael J. Belfonte and Erlene W. Krigel of Krigel & Krigel, P.C., Kansas City, MO, for Resolution Trust Corp.

Martin Jefferson Davis, Washington, DC, and Joann E. Corpstein, Overland Park, KS, for Office of Thrift Supervision.

Jeffrey W. Rockett, for John E. Foulston, U.S. trustee.

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION AND AMENDMENT OF JUDGMENT[1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

The debtor asks the Court to reconsider an order entered June 15, 1994, denying the debtor's application for authority to employ special counsel nunc pro tunc.

The June 15, 1994, order allowed the employment of special counsel for appellate work performed in *Franklin Savings Corporation v. Office of Thrift Supervision,* Case No. 90–2054–S (D.Kan.), Case No. 90–3272 (10th Cir.), but refused to make the appointment nunc pro tunc to March 17, 1993, the date counsel began the appeal work.[2] The ruling hinged on the debtor's failure to allege or show "extraordinary circumstances" justifying the appointment nunc pro tunc. The extraordinary circumstances test for granting nunc pro tunc appointment of counsel was taken from the Tenth Circuit case of *In re Land,* 943 F.2d 1265 (10th Cir.1991). Applying this test, I found that the potential windfall benefit to the estate generated by the appellate work and the unquestioned importance and quality of the work were insufficient to support a finding of "extraordinary circumstances."

Debtor's motion for reconsideration suggests that the Court's reliance on *In re Land* is inappropriate in light of the Supreme Court's decision in *Pioneer Inv. Services v.*

*Brunswick Assoc.,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *Pioneer* involved the allowance of a proof of claim filed beyond the bar date. The decision discusses Fed.R.Bankr.P. 9006(b)(1).[3] The rule provides that when an act is required or allowed to be done within a specified period, the court may permit the act to be done after the expiration of the specified period if the failure to act was the result of "excusable neglect." Accordingly, the rule allows the court to grant a request for enlargement made after the expiration of the specified period if "the failure to act was the result of excusable neglect." Fed.R.Bankr.P. 9006(b)(1)(2). The Supreme Court discussed the standard of "excusable neglect" and held that when applying this standard, a court should consider "all relevant circumstances", including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." —— U.S. at ——, 113 S.Ct. at 1498.

The *Pioneer* decision, however, does not alter the applicable standard for appointment of a professional nunc pro tunc. The Supreme Court did not reject the "extraordinary circumstances" standard in affirming the "excusable neglect" standard. Instead the decision identified and discussed the different interpretations that the courts of appeals had given to "excusable neglect," primarily in the context of late filed claims. It gave no indication that it intended to alter or reject the "extraordinary circumstances" standard used by some courts when deciding whether a professional's appointment should be nunc pro tunc to a date before the filing of the motion for appointment.

1. Debtor appears by its attorneys, R. Pete Smith and Jonathan A. Margolies of the firm of McDowell, Rice & Smith, Kansas City, Missouri. The Resolution Trust Corporation ("RTC") appears by its attorneys, Michael J. Belfonte and Erlene W. Krigel of the firm of Krigel & Krigel, P.C., Kansas City, Missouri. The Office of Thrift Supervision ("OTS") appears by its attorneys, Martin Jefferson Davis of Washington, D.C., and Joann E. Corpstein of Overland Park, Kansas. The United States Trustee, John E. Foulston, appears by his attorney, Jeffrey W. Rockett.

2. For practical reasons, it is common practice for an order of appointment to relate back to the date the motion requesting appointment was filed. Such an order is certainly "now for then," but here the term "nunc pro tunc" is used to refer to an order of appointment that relates back to the date before the motion was filed, i.e., to the date when work was commenced.

3. Actually while the opinion refers to Fed.R.Bankr.P. 9006(b)(1), the more accurate reference is to 9006(b)(1)(2) because subsection (b) is divided into two numbered parts and it is part two that is being construed.

*In re Land* holds that nunc pro tunc approval of an attorney's employment "is only appropriate in the most extraordinary circumstances" and that "[s]imple neglect will not justify nunc pro tunc approval of a debtor's application for the employment of a professional."[4] 943 F.2d at 1267–68. Consequently, the Court continues to rule that the applicable standard for a professional's appointment nunc pro tunc is "extraordinary circumstances," as set out in *In re Land.* The debtor has failed to allege or show "extraordinary circumstances" to justify appointment of special counsel nunc pro tunc; therefore, debtor's motion for reconsideration and amendment of judgment is denied.

IT IS SO ORDERED.

---

**4.** Furthermore, the court noted in footnote 2 that a bankruptcy judge may have no "authority to approve nunc pro tunc a debtor's application to employ a professional."

