**In re TJN, INC., Debtor.**

**Bankruptcy No. 94–73386–W.**

United States Bankruptcy Court,
D. South Carolina.

Feb. 23, 1996.

Barbara G. Barton, Columbia, SC, for Debtor.

Mary G. Slocum, Columbia, SC, for U.S. Trustee.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

This matter came before the Court on February 5, 1996, for a hearing on the "Motion to Be Employed as Counsel for the Debtor *Nunc Pro Tunc*" (the "Motion") filed by Robinson, Barton, McCarthy & Calloway,

P.A. (the "Law Firm") as well as its third application for fees and expenses dated November 29, 1995 in the amount of $50,231.64 (the "Third Application"). The United States Trustee filed objections to the Motion and Third Application. No creditors or other parties in interest objected. By separate order, the Court has approved the employment of the Law Firm on a *nunc pro tunc* basis. In connection with the Motion and Third Application, the United States Trustee's objections raised an issue regarding the Law Firm's compliance with 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b).[1] Based upon the arguments presented, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. An involuntary bankruptcy petition was filed against the Debtor on July 29, 1994. On September 19, 1994, an order for relief under chapter 11 of the Bankruptcy Code was entered against the Debtor.

2. On or about September 28, 1994, the Law Firm filed with this Court as a part of the Debtor's Schedules and Statements of Affairs, a "Statement of Attorney for Petitioner Pursuant to Bankruptcy Rule 2016(b)" (the "Statement"). In the Statement, the Law Firm disclosed that it had received $15,000.00 from Tom J. New ("Tom New"), the principal and sole shareholder of the Debtor, to be applied to its compensation for services in connection with the case.

3. On or about December 6, 1994, the Law Firm received an additional payment of $15,000.00 from Tom New. The Law Firm did not file a supplemental statement or disclosure of compensation at that time and has not filed such a statement since that date.

4. On or about January 10, 1995, the Law Firm filed an Application for Interim Compensation seeking compensation in the amount of $71,287.50 and expenses of $3,344.09 (the "First Application"). Paragraph 6 of the First Application stated as follows: "The applicant has received payments from Tom New $30,000 [*sic*]; said payments have been applied toward said fees and costs; there remains a balance due in the amount of $44,631.59."

5. An Order bearing the consent of the United States Trustee and indicating that all objections were resolved was entered on May 15, 1995 which granted and authorized payment of fees and expenses in the amount of $57,030.50 and $3,344.03.

6. A second fee application (the "Second Application") was filed on July 12, 1995 seeking $30,424.75 in fees and expenses of $1,305.34 and previously allowed but withheld fees in the amount of $14,257.50. On August 18, 1995, an Order bearing the consent of the United States Trustee and indicating that all objections were resolved was entered which granted fees and expenses in the amount of $35,816.30 and reserved the remaining $10,171.28 requested for further consideration.

7. A third fee application (the "Third Application") was filed on November 29, 1995 seeking $50,231.64 in fees and expenses for work performed through October 31, 1995 and which included all amounts for which the authorization of payment had been previously reserved. The United States Trustee filed an objection to the Third Application.

8. At the hearing on February 5, 1996, the United States Trustee withdrew any objection to the Third Application with the exception of an objection to full payment due to the Law Firm's failure to comply with § 329 and Rule 2016(b).

### CONCLUSIONS OF LAW

Section 329(a) of the Bankruptcy Code provides as follows:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of

---

1. Further references to the Bankruptcy Code, 11 U.S.C. § 101, et seq., shall be by section number only. Further references to the Federal Rules of Bankruptcy Procedure shall be by Rule number only.

the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a). Rule 2016(b) provides as follows:

> (b) Disclosure of Compensation Paid or Promised to Attorney for Debtor. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

Federal Rules of Bankruptcy Procedure, Rule 2016(b). The United States Trustee contends that the Law Firm did not comply with Rule 2016(b) because it did not file a supplemental statement of compensation after it received the second payment of $15,-000.00 from Tom New individually.

■ The Law Firm has advanced two alternative arguments regarding Rule 2016(b) and the Law Firm's need to provide disclosure upon its receipt of the second payment from Tom New. First, the Law Firm contends that Rule 2016(b) requires only that disclosure be made of agreements to share compensation and that Rule 2016(b) does not apply to payments such as the one made to it by Tom New. The Court flatly rejects this argument. Not only is such an argument inconsistent with the Law Firm's filing of a Rule 2016(b) statement in regards to the initial payment by Tom New, but Rule 2016(b), by its very clear terms, requires that a statement disclosing the second payment and its source be filed with the Court and

transmitted to the United States Trustee. By its plain language § 329 specifically requires that a statement disclosing compensation paid, or to be paid, and the source of the compensation, be filed with the Court by the attorney for the Debtor. Rule 2016(b) provides that the statement *include* whether the attorney has shared or agreed to share the compensation with any other entity but the statement is not limited to that information. Rule 9001 provides that the rules of construction set forth in § 102 govern the interpretation of the rules, and § 102(3) plainly provides that the words "includes" or "including" are not limiting. The last sentence of Rule 2016(b) also specifically requires that a "supplemental statement shall be filed and transmitted to the United States Trustee within 15 days after *any payment* or agreement not previously disclosed." (emphasis added). The Law Firm's interpretation of Rule 2016(b) is therefore contradicted by the clear meaning of the Rule and the statute which it was designed to implement.

■ The Law Firm's second argument asserts that even if Rule 2016(b) applies, the Law Firm complied with it through disclosure in its First Application of the total of payments received from Tom New. The Law Firm further asserts that the disclosure in the fee application was superior to the disclosure which would have been given in a supplemental Rule 2016(b) disclosure. The Court has two concerns with this position. First, the Court notes that the First Application was filed 35 days after the payment was received from Tom New; a timing controlled by the Law Firm and not set by any statute or rule. This obviously exceeds the express 15 day requirement of Rule 2016(b). Second, the Court disagrees that disclosure of a payment in a fee application is necessarily more complete than or may serve in lieu of disclosure in a supplemental Rule 2016(b) disclosure. A party reviewing the First Application in this case would only have been able to surmise that the Law Firm had received a second postpetition payment from Tom New by reviewing the initial Rule 2016(b) disclosure on file and noting that it was inconsistent with the First Application. A supplemental Rule 2016(b) disclosure deals with

limited issues, a new payment or a change in the compensation agreement of debtor's counsel. Its timely filing and service on the United States Trustee provide all parties and the Court an opportunity to scrutinize the appropriateness of the representation and payment arrangements. The United States Trustee, other parties in interest and the Court should not be required to ferret out facts which the Rules require that the Law Firm plainly, openly and timely disclose.

In *In re Quality Respiratory Care, Inc.,* 157 B.R. 180 (Bankr.D.Me.1993), the United States Trustee objected to the application of counsel for the debtor for compensation because of the attorney's failure to file a Rule 2016(b) disclosure. The attorney, like the Law Firm in this case, attempted to rely on other documents filed in the case to excuse non-compliance:

> Applicant counters that the retainer was disclosed in his interim fee application which, as noted above, was filed well into the Chapter 11 case after he had received the retainer monies and which was ultimately withdrawn. He also contends that the bi-weekly reports submitted to the United States Trustee's Office reflected the payments being made to him. However, the biweekly operating reports are not noticed to all creditors, nor filed with this Court. Furthermore, the precise function of the 2016 Statement is to provide creditors with exactly this specific information, i.e. compensation paid or agreed to be paid to a debtor's attorney. Creditors and this Court should not be forced to scrutinize the biweekly operating reports for information which is required to be provided in a clear and straightforward manner on another statement.

157 B.R. at 181. *See also In re Brandenburger,* 145 B.R. 624 (Bankr.D.S.D.1992) ("whenever an attorney's fee arrangement with a debtor changes or whenever he receives a retainer or other form of compensation not previously disclosed, the attorney must file a supplemental disclosure of compensation. A fee application is not a substitute for this disclosure"), *In re Arthur and Joan Larsen,* 28 B.C.D. 509, 190 B.R. 713 (Bankr.D.Me. 1996) ("This court has previously observed

that full disclosure of counsel's fee arrangements with the debtor is 'essential to effective exercise of the court's power to pass on fee applications.'") and *In re Saturley,* 131 B.R. 509 (Bankr.D.Me.1991) ("Anything less that the full measure of disclosure leaves counsel at risk that all compensation may be denied ... whatever the explanation for disclosure inadequacies, it reflects poorly on responsible counsel.").

Under the Law Firm's argument, attorneys for a Chapter 11 debtor could accept a postpetition payment from a debtor's principal or any other source and not be required to disclose it until the filing of a fee application, an event which could occur much later in a bankruptcy case. Prior to that time, neither the creditors, the United States Trustee nor the Court would know how the attorneys are paid nor would they be in as informed a position to raise questions regarding disinterestedness, adverse interest or conflicts of interest.

This Court believes the policy requiring timely disclosure of such matters under § 329 and Rule 2016(b) is central to the integrity of the bankruptcy process and are not to be taken lightly nor easily dismissed even in specific instances where compliance with § 327 is no longer in issue, where creditors did not object to the fee applications or even where there is a confirmed plan in the case. In this Court's view, it is the proper and necessary role of the United States Trustee to raise such issues related to the timely disclosure of compensation arrangements to the Court's attention even if not raised by creditors. To accept that the Law Firm's actions in this case met the spirit of Rule 2016(b) is to ignore or slight the express requirements of a plain and clear rule.

Based upon the foregoing, the Court concludes that the Law Firm failed in its duty to supplement its Rule 2016(b) statement to disclose the payment of $15,000.00 made to the Law Firm by Tom New on December 6, 1994. While the sanction for such non-compliance is in the discretion of the Court, the Court notes that sanctions applied by courts for failure to comply with Rule 2016(b) and § 329 have been harsh. Many courts have denied all compensation

because of counsel's failure to comply with these provisions. See, e.g., *In re Quality Respiratory Care, Inc.*, 157 B.R. 180 (Bankr. D.Me.1993); See generally 8 *Collier on Bankruptcy* ¶ 2016.4[2], at p. 2016–28 (15th ed. 1995).

 Under the facts and circumstances of this case, the Court has concluded that the Law Firm's failure to comply with Rule 2016(b) warrants a reduction in compensation to the Law Firm under the Third Fee Application in an amount of $3,500.00.[2] In setting this amount, the Court has noted that fees and expenses approved for the Law Firm during the course of this case to date (for the period through October 31, 1995) total to more than $100,000.00, without consideration of the $30,000.00 received from Tom New. The Court has also considered the Law Firm's argument of mitigating circumstances and request that the bankruptcy bar be advised of the strictness of Rule 2016(b) before the Law Firm suffers any penalty in this case. While this Order may serve to place the bankruptcy bar on further notice that strict compliance with the disclosure requirements of the Bankruptcy Code and the Rules is expected, this Court believes the Code and Rules are and have been clear that attorneys for the Debtor must provide details of the source of all funds paid to it and how and when they are to be applied. This is particularly important in instances of payments from parties other than a debtor. It is therefore,

**ORDERED,** that the fee award to the Law Firm in this case be reduced by the amount of $3,500.00 due to the Law Firm's failure to comply with 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure and therefore pursuant to the Third Fee Application dated November 29, 1995, fees and expenses in the amount of $46,731.64 for the period through October 31, 1995 are hereby approved. This amount is authorized by the Court on the representations made in the fee application and attachments filed with this Court and may be reduced or increased if such representations

prove incorrect prior to the closing of this case. It is further,

**ORDERED,** that the Law Firm shall file a supplemental statement in compliance with 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure within ten (10) days of the entry of this Order.

**AND IT IS SO ORDERED.**

---

2. Both the U.S. Trustee and the Law Firm requested that any penalty for the failure to comply with § 329 and Rule 2016(b) be in the form and

manner of a reduction in compensation rather than by way of sanctions.