### In re TWINTON PROPERTIES PARTNERSHIP, Debtor.

#### Bankruptcy No. 281–02721.

United States Bankruptcy Court, M.D. Tennessee, Cookeville Division.

Feb. 23, 1983.

## MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the court on the debtor's motion to reconsider this court's order of January 2, 1983, denying debtor's application to employ an attorney *nunc pro tunc.* On December 2, 1982 debtor's counsel filed an application to employ David F. Kunz, Esq. The application sought to employ Mr. Kunz and have his employment approved *nunc pro tunc* to August 27, 1981. This court ordered on January 2, 1983, that "the application of Twinton Properties Partnership to employ David F. Kunz is GRANTED. With no grounds having been demonstrated, the debtor's request that this order be entered *nunc pro tunc* to August 27, 1981 is DENIED." After consideration of the record and applicable authority, the court finds that the debtor's motion to reconsider should be denied.

A trustee or debtor-in-possession may not employ an attorney, accountant, or other professional person without the court's express approval.[1] Rule 215 of the Federal Rules of Bankruptcy Procedure outlines the manner in which court approval is obtained.[2] The question raised by debtor's motion

---

1. 11 U.S.C.A. § 327(a) (West 1979) controls the employment of professional persons.

    Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

    An attorney may also be employed pursuant to § 327(e):

    The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to

the estate with respect to the matter on which such attorney is to be employed.

Because the debtor has not alleged any special matter justifying the appointment, the court assumes that the debtor is making its application based on § 327(a).

Because no trustee has been appointed in this case, all statutory references to a trustee are also applicable to the debtor-in-possession. 11 U.S.C.A. § 1107 (West 1979).

2. Rule 215(a) of Federal Rules of Bankruptcy Procedure provides:

    (a) Conditions of Employment of Attorneys and Accountants. No attorney or accountant for the trustee or receiver shall be employed except upon order of the court. The order shall be made only upon application of the trustee or receiver, stating the specific facts showing the necessity for such employment,

is whether § 327 requires a professional person to obtain court approval prior to the rendering of services, or whether the court can approve the appointment at a subsequent date and order the approval effective *nunc pro tunc* to the initial date of employment. Courts are not in agreement on whether pre-employment approval is a prerequisite to compensation under § 327. *See, e.g., In re King Electric Co.,* 19 B.R. 660 (D.C.E.D.Va.1982) (*nunc pro tunc* approval available under court's equity powers); *contra, In re Mork,* 19 B.R. 947, 949 (Bkrtcy.D.Minn.1982); *In re Schatz Federal Bearings Co.,* 17 B.R. 780, 783 (Bkrtcy.S.D. N.Y.1982).

■■■ The scheme for court approval of the employment of professional persons described above functions most efficiently and effectively if court review and approval is realized before services are performed. The professional who commences efforts on behalf of a trustee or debtor-in-possession without first getting court approval of employment does so at the substantial risk of forfeiting compensation. However, the Bankruptcy Code neither expressly requires pre-employment approval nor prohibits *nunc pro tunc* appointments. This court is thus constrained to apply the rule that the issuance of *nunc pro tunc* orders of employment is vested in the sound discretion of the bankruptcy court. *Nunc pro tunc* applications must be the extraordinary exception rather than an accepted practice. The court will carefully scrutinize all *nunc pro tunc* requests under strictly interpreted criteria. Specifically, an applicant for *nunc*

*pro tunc* employment of a professional person must affirmatively demonstrate each of the following by clear and convincing evidence: [3]

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S. C.A. § 327 (West 1979) and Rule 215 of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judi-.

the name of the attorney or accountant, the reasons for his selection, the professional services he is to render, and to the best of the applicant's knowledge all of the attorney's or accountant's connections with the bankrupt, the creditors or any other party in interest, and their respective attorneys and accountants. If the attorney or accountant represents or holds no interest adverse to the estate in the matters upon which he is to be engaged, and his employment is in the best interest of the estate, the court may authorize his employment. Notwithstanding the foregoing sentence, the court may authorize the employment of an attorney or accountant who has been employed by the bankrupt

when such employment is in the best interest of the estate. The employment of any attorney or accountant shall be only for the purposes specified in the order, but the court may authorize a general retainer of an attorney when necessity therefor is shown.

**3.** These criteria are not in derogation of or substitution for the standards to be applied by the court when considering the professional person's application for compensation or the reimbursement of expenses. These criteria will be applied only to determine whether an order shall be entered *nunc pro tunc* approving the person's employment.

cial approval for the employment of professionals.

Herein, the debtor's application for a *nunc pro tunc* order does not comply with the above articulated standards. No notice or opportunity to object has been provided, nor does the affidavit currently before the court allow a determination that the other criteria have been satisfied.

Accordingly, debtor's motion to reconsider the denial of an order appointing David F. Kunz, Esq. *nunc pro tunc* is DENIED.

IT IS SO ORDERED.