**In re Fred McDANIELS and Judith McDaniels dba McDaniels Trucking, Debtors.**

**Bankruptcy No. 2–81–02559.**

United States Bankruptcy Court, S.D. Ohio, E.D.

April 26, 1988.

Raymond Cunningham, Arter & Hadden, Columbus, Ohio, trustee.

### AMENDED OPINION AND ORDER ON APPLICATION FOR APPOINTMENT OF COUNSEL NUNC PRO TUNC

DONALD E. CALHOUN Jr., Bankruptcy Judge.

This case is before the court for consideration of an application filed June 26, 1987 by the trustee appointed to administer this case. The application seeks an order of this court appointing the applicant as counsel for the trustee *nunc pro tunc* as of July 1, 1981. The application was not served upon any creditor or other party in interest.

This Chapter 7 case was commenced June 26, 1981. On July 1, 1981 in accordance with 11 U.S.C. § 701 applicant was appointed as trustee in this case. His ap-

plication recites that the services rendered by him as counsel for the trustee have been of substantial benefit to the estate, resulting in gross receipts of $19,300.00. The application further recites that it was apparent that legal services would be required in this case, but that an application of counsel was inadvertently not filed with the court. However, on May 31, 1983, the trustee did file an application to employ James N. Overholser, Esq. and Richard L. Eisnaugh, Esq. as special counsel for the trustee to represent the interests of the estate in a personal injury action that was pending in Scioto County, Ohio. Upon rendering services, the special counsel properly filed an application for compensation for services performed on behalf of the trustee, and properly filed a notice of hearing on said fees, thus affording creditors and other interested parties an opportunity to object to said fees.

On April 24, 1987, applicant filed an application for attorney fees for services rendered to the trustee. There is nothing in the record to show that applicant gave notice to creditors or other interested parties of his request for fees. On May 18, 1987, applicant was advised by the court to revise his final report to delete the application for attorney fees since there was no application and order appointing him attorney for the trustee. Applicant filed the present application for a *nunc pro tunc* order almost six years after he was appointed as trustee for the estate.

Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a) require attorneys to obtain the approval of the court before they commence employment for the estate. 11 U.S.C. § 327(a) states:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Rule 2014(a) dealing with the employment of professional persons states:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reason for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

The purpose of the rule requiring prior court authorization of a professional's employment is to prevent volunteerism and to assist the court in controlling administrative expenses. *In re Willamette Timber Systems,* 54 B.R. 485, 488 (Bankr.D.Ore. 1985). Courts have consistently held that attorneys who render services to trustees without court approval may forfeit their rights to compensation from the estate. *See; In re Georgetown of Kettering Ltd.,* 750 F.2d 536, 540 (6th Cir.1984), *In re Kroeger Properties & Development Inc.,* 57 B.R. 821, 823 (Bankr. 9th Cir.1986).

■ 11 U.S.C. § 330(a) dealing with the compensation of officers states as follows:

> (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
>
> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by

any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

It is clear that under 11 U.S.C. § 330 an attorney is not entitled to compensation for services unless he or she has complied with Sections 327 or 1103 of Title 11 and notice has been given to any parties in interest. Neither has been done in this case.

## CASES ALLOWING AND DISALLOWING NUNC PRO TUNC ORDER APPOINTING PROFESSIONAL PERSONS

The issue of whether the court has the authority to grant a *nunc pro tunc* order of appointment is the subject of considerable controversy. A number of courts have held that such power does not exist or that there is a *per se* rule against granting a *nunc pro tunc* order to approve the employment of professionals. See; *Albers v. Dickinson*, 127 F.2d 957 (8th Cir.1942); *Matter of Futuronics Corp.*, 655 F.2d 463 (2nd Cir.1981), *cert. den.* 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982). *In re Calpa Products Co.*, 411 F.2d 1373 (3rd Cir.1969); *In re Johnson*, 21 B.R. 217 (Bankr.D.C.1982); *In re Lewis*, 30 B.R. 404 (E.D.Pa.1983). A number of courts, including courts in this district, strictly construe *"nunc pro tunc"* within the meaning of its Latin phraseology as only empowering the recording of a prior but unrecorded act of the court thus making the record speak the truth, not to enter an order of the court to record that which was omitted to be done. See; *In re Call*, 36 B.R. 374 (Bankr.D.Ohio 1984); *In re Mork*, 19 B.R. 947 (Bankr.D. Minn.1982).

Some courts have adopted a more flexible view and have held that under extraordinary circumstances and upon a proper showing, a bankruptcy court does have the inherent power under its general equity powers to issue a *nunc pro tunc* order of appointment. *Matter of Triangle Chemicals*, 697 F.2d 1280 (5th Cir.1983); *Matter of Laurent Watch Company*, 539 F.2d 1231 (9th Cir.1976); *In re King Elec. Co.*, 19 B.R. 660 (Bankr.Va.1982); *Matter of Vlachos*, 61 B.R. 473 (Bankr. Ohio 1986); *In re Tinsley & Groom*, 49 B.R. 94 (Bankr. Ky.1985).

The courts are quick to point out, however, that while recognizing the inherent power of bankruptcy courts to exercise the power to issue a *nunc pro tunc* order of this nature, they do not favor the use of such power. As stated in *Matter of Triangle Chemicals, Inc.*:

... While equitable powers may permit nunc pro tunc appointment in rare or exceptional circumstances, we do not intend, by our holding, to encourage any general non-observance of the contemplated pre-employment court approval. We only hold that, where through oversight the attorney has neglected to obtain such prior approval but has continued to perform services for the debtor/debtor-in-possession the bankruptcy court retains equitable power in the exercise of its sound discretion, under exceptional circumstances to grant such approval *nunc pro tunc*, upon proper showing ... 697 F.2d at 1289.

Clearly there is no right to a *nunc pro tunc* order of appointment. *In re Johnson*, 21 B.R. 217 (Bankr.D.C.1982). A number of courts have refused to find that neglect or mere inadvertance by an attorney to file for Section 327 approval constitutes an extraordinary situation that would justify retroactive approval, *Matter of Bear Lake West, Inc.*, 32 B.R. 272 (D.Idaho 1983), *In re Brown*, 40 B.R. 728 (D.Conn. 1984), *In re Johnson*, 21 B.R. 217 (Bankr. D.C.1982), especially when the attorney is an experienced practitioner in this field of law, and should be aware of this requirement.

It should be noted that in interpreting what may be considered a proper showing as to justify the court in using its equitable powers to grant a *nunc pro tunc* order of appointment, two bankruptcy courts have

proposed criteria that provide a great deal of assistance in determining a proper showing.

In the *Matter of Vlachos,* Judge Waldron of the bankruptcy court for the Southern District of Ohio, Western Division, held that in order to prevail on a request for an order approving appointment *nunc pro tunc*:

1. The application must be one which would have been approved originally by the court;

2. Evidence must appear in the record of the case which demonstrates that the court and other interested parties had actual knowledge of the legal services being rendered by the applicant;

3. An application seeking an order *nunc pro tunc* must be filed as soon as the matter is brought to the applicants' attention, and;

4. A sustainable objection must not be filed to the applicants request for attorney fees.

61 B.R. at 499.

In the case of *In re Twinton Properties Partnership,* 27 B.R. 817 (Bankr.Tenn. 1983), the court, in developing a similar set of standards, stated that:

*Nunc pro tunc* applications must be the extraordinary exception rather than the accepted practice. The Court will carefully scrutinize all *nunc pro tunc* requests under strictly interpreted criteria. Specifically, an applicant for *nunc pro tunc* employment of a professional person must affirmatively demonstrate each of the following by clear and convincing evidence:

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the nunc pro tunc order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objection to the entry of the nunc pro tunc order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for employment of professionals. 27 B.R. at 819, 820. (M.D.Tenn. 1983) (Cited approvingly in *In re Kroeger Properties & Development Inc.* 57 B.R. 821 (Bankr.App.Panel 9th Cir.1986).

## AUTHORITY TO ISSUE NUNC PRO TUNC ORDER

 After a thorough review of the applicable case law and relevant statutory provisions, this Court is of the opinion that, pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, bankruptcy courts, possessing equitable powers, have the inherent power to issue an order *nunc pro tunc* appointing counsel for the trustee under extraordinary circumstances and upon a proper showing. 28 U.S.C. § 157(a) states:

Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to bankruptcy judges for the district.

By virtue of the General Order of Reference entered in this District on July 31, 1984, any or all cases and proceedings arising in or under title 11, or related to a case

under title 11, are referred to the bankruptcy judges for this District.

28 U.S.C. § 157(b)(1) states:

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Those matters considered as core proceedings are listed under 28 U.S.C. § 157(b)(2). Included in this list are "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A). This Court is of the opinion that a *nunc pro tunc* application for appointment of counsel is a core proceeding as the issues in that application principally involve the employment and compensation of a professional person under 11 U.S.C. §§ 327, 328 and 330. *Unsecured Creditors Committee of Debtor, STN v. Noyes (In re STN Enterprises, Inc.)*, 73 B.R. 470 (Bankr.D.Vt.1987); *Robbins v. Schuyler (In re United Equipment Sales Co.)*, 47 B.R. 818 (Bankr.W.D.Mich. 1985).

Moreover, 11 U.S.C. § 105 states, in pertinent part:

The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

Bankruptcy Rule 1001, dealing with the scope of the Bankruptcy Rules, states, in pertinent part:

These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.

The Court finds, on the basis of the statutory sections cited above, as well as in view of applicable case law, that a bankruptcy court has the authority to issue an order appointing counsel on a *nunc pro tunc* basis under extraordinary circumstances and upon proper justification.

A number of courts, including courts in this district, have adhered to the narrow, traditional interpretation previously assigned to the wording *nunc pro tunc*, rather than expanding this rule to meet the needs of current bankruptcy practice. Yet a review of the authority relied upon by these courts provides no basis for their holding that the inherent equity powers of the Bankruptcy Court in addressing this issue are to be narrowly confined to making the record speak the truth, and nothing more.

In the case of *In re Call, supra,* the court cited *W.F. Sebel Co. v. Hessee,* 214 F.2d 459 (10th Cir.1954) as authority to the effect that the Bankruptcy Court does not have the inherent power to enter an order *nunc pro tunc* to record that which was omitted to be done. In *W.F. Sebel,* the Tenth Circuit, held that the Bankruptcy Court could not, by virtue of a *nunc pro tunc* order, validate claims that were barred by a statute of limitations. The court cited three cases in support of their position, those being: 1) *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); 2) *Securities and Exchange Comm. v. United States Realty & Improvement Co.,* 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1939); and, 3) *Blankenship v. Royalty Holding Co.,* 202 F.2d 77 (10th Cir.1953). A closer examination of each of these cases yields the conclusion that the Bankruptcy Court *does* have the inherent equitable power to issue a *nunc pro tunc* order, if and when the intent and purpose of the Bankruptcy Code is furthered.

In *Blankenship v. Royalty Holding Co., supra,* the Tenth Circuit held that a *nunc pro tunc* order could not be used to correct an error by the court in rendering a judgment that it did not intend to render and thus to change an order that was erroneously pronounced by the court. This holding is not relevant to a *nunc pro tunc* order appointing counsel for a trustee because, upon a proper showing of need, a court would most likely have granted the order appointing counsel to the trustee at the outset.

The Supreme Court in *Pepper v. Litton, supra,* held as follows:

By virtue of Section 2, a Bankruptcy Court is a court of equity at least in the sense that in the exercise of the jurisdic-

tion conferred upon it by the Act, it applies the principles and rules of equity jurisprudence ... Among the granted powers are the allowance and disallowance of claims, the collection and distribution of the estate of bankrupts and the determination of controversies in relation thereto; the rejection in whole or in part "according to the equities of the case" of claims previously allowed; and the entering of such judgment "as may be necessary for the enforcement of the provisions" of the act. 308 U.S. at 304, 60 S.Ct. at 244.

... In the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in the administration of the bankrupt estate. 308 U.S. at 308, 60 S.Ct. at 246.

In the case of *Securities and Exchange Commission v. United States Realty & Improvement Co., supra,* the Supreme Court held that a Bankruptcy Court was a court of equity and was guided by equitable doctrines and principles, except insofar as they were inconsistent with the Bankruptcy Act.

Moreover, the United States Supreme Court in *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966) held that the statutory words making up the Bankruptcy Act should not be read with the ease of a computer, rather there was an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction. 385 U.S. at 103, 87 S.Ct. at 277.

There is nothing to show that the granting of a *nunc pro tunc* order appointing counsel, as in this case, is inconsistent with the Bankruptcy Act. The Court, under 11 U.S.C. § 105, has the power to issue any order necessary or appropriate to carry out the provisions of Title 11.

## CIRCUMSTANCES JUSTIFYING NUNC PRO TUNC ORDER

Having concluded that bankruptcy courts have the inherent power to issue an order *nunc pro tunc* under extraordinary circumstances and upon a proper showing, the Court must now determine the criteria it will examine in adjudging whether the circumstances in this case justify such an order.

The Court finds the criteria enunciated in *Matter of Vlachos, supra,* and *In re Twinton Properties Partnership, supra,* of great assistance in determining whether a *nunc pro tunc* order should be granted. However, the Court notes that the criteria set forth in *In re Twinton* were compiled only to determine whether an order shall be entered *nunc pro tunc,* and not in considering the merit and validity of professional persons' application for compensation or other reimbursement of expenses. 27 B.R. at 819 (footnote 3.) Recognizing that the issue regarding a *nunc pro tunc* order such as this usually becomes apparent at the time the professional person has made application for fees and expenses, this court has used the criteria set forth in *Matter of Vlachos* and *In re Twinton* in formulating criteria applicable to both the appointment of a professional person and the corresponding application for fees and expenses.

■ To establish the basis for a *nunc pro tunc* order of employment, an applicant must demonstrate each of the following requirements and, all evidentiary matters must be established by clear and convincing evidence:

1. The application must be one which would have been approved originally by the Court, measured by the requirements of 11 U.S.C. § 327 and Bankruptcy Rule 2014 at or before the time the services were actually commenced;

2. Evidence must appear in the record of the case which demonstrates that the Court and other interested parties had actual knowledge of the legal services being rendered by the applicant;

3. An application seeking an order *nunc pro tunc* must be filed as soon as the matter is brought to the attention of the applicant;

4. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

5. The applicant has provided notice of the application for the *nunc pro tunc* order to creditors and parties in interest and has provided an opportunity for filing objections;

6. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;

7. If the applicant is also seeking compensation at this point, the applicant must have provided notice of the application for fees to any parties in interest, thus providing an opportunity for objections as provided in 11 U.S.C. § 330;

8. A sustainable objection must not be filed to the applicants request for attorney fees;

9. No actual or potential prejudice will inure to the estate or other parties in interest;

10. The applicant's failure to seek pre-employment approval is satisfactorily explained;

11. The applicant exhibits no pattern of inattention or negligence in seeking judicial approval for employment of professionals, measured in some degree by the applicants experience in this field of law. See; *In re Lewis, supra.*

In *In re Kroeger, supra,* the U.S. Bankruptcy Appellate Panel of the Ninth Circuit held that in determining the appropriateness of a *nunc pro tunc* application, the trial court should conduct an analysis such as that found in *In re Twinton, supra,* and only when an attorney had satisfied all of the relevant criteria would the appellate court question the trial court's exercise of its virtually unfettered discretion in dealing with such applications. The court did not consider it an abuse of discretion for the trial judge to refuse to award attorney fees where the only excuse for lateness was negligence. 57 B.R. at 823.

Consistent with this opinion, the applicant is hereby ordered to provide notice of the application for the *nunc pro tunc* order to all creditors and parties in interest. The applicant must also provide notice of the application for reimbursement of fees and expenses to all creditors and parties in interest. After a reasonable time for objection, or at a subsequent hearing, the Court will fully examine the application in light of the criteria set forth in this opinion.

IT IS SO ORDERED.