In re TJN, INC., Debtor.

Bankruptcy No. 94–73386–W.

United States Bankruptcy Court,
D. South Carolina.

Feb. 14, 1996.

Barbara G. Barton, Columbia, SC, for debtor.

Mary G. Slocum, Columbia, SC, for United States Trustee.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

This matter comes before the Court upon a motion to be employed by the Debtor on a *nunc pro tunc* basis (the "Motion") filed by the law firm of Robinson, Barton, McCarthy & Calloway, P.A., (the "Law Firm") on January 24, 1996. Pursuant to order of the Court, the matter was scheduled for an expedited hearing after service on all creditors and parties in interest. The United States Trustee (the "U.S. Trustee") filed the sole objection to the Motion.

At the hearing on the Motion on February 5, 1996, the Court heard argument from the Law Firm and from the U.S. Trustee.[1] The Law Firm introduced the affidavit of Tom New, the sole shareholder, officer, and director of the Debtor corporation, and presented the testimony of Barbara George Barton, Esquire ("Ms. Barton"), a partner in the Law Firm.

At the conclusion of the testimony and closing arguments, the U.S. Trustee indicated to the Court that it believed that the Law Firm had met all necessary standards for demonstrating employment *nunc pro tunc* and withdrew its objection.

Having considered the Motion; the objection filed by the U.S. Trustee, now withdrawn; the Reply filed by the Law Firm; and having considered the testimony of Ms. Barton, the affidavit of Tom New, and arguments of counsel for the Law Firm and the U.S. Trustee, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## DISCUSSION

11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure[2] provide the mechanism for employment of professionals. The United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure are silent however, on the issue of *nunc pro tunc* employment of professionals. Although there are courts which have ruled that *nunc pro tunc* employment of professionals is not allowed, the majority line of cases authorizes such employment upon a proper showing.

> A majority of courts has held, however, that the bankruptcy courts have the discretion to enter nunc pro tunc retention orders. *See Collier on Bankruptcy, supra* n. 4 (noting that two circuits, the Second and Eighth, adhere to a per se rule that an unapproved attorney may not recover fees). "Such an order, however, should only be entered in the most extraordinary circumstances"; this determination should be made on a case-by-case basis.

*In re Land,* 116 B.R. 798 (D.Colo.1990).

The standards for appointment of a professional on a *nunc pro tunc* basis in this district are provided by the District Court of South Carolina's unreported decision of *In re Anderson Place Associates* (D.S.C., Feb. 4, 1992), C/A No. 8:91–1889–20, which approves and appears to adopt the nine prong test as outlined in *In re Twinton Properties Partnership,* 27 B.R. 817 (Bankr.M.D.Tenn.1983). In the *Anderson Place* decision, the District Court held that an applicant for *nunc pro tunc* approval must demonstrate each of nine criteria by clear and convincing evidence. Based on the stipulation of the U.S. Trustee, the testimony of Ms. Barton and the affidavit of Tom New, the Court finds as follows for each of those standards:

1. *The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;*

The affidavit of Tom New demonstrates that prior to the adjudication, but after the

---

1. Counsel representing a creditor, Graham Engineering, appeared to indicate Graham's support of the Motion.

2. Further references to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* shall be by section number only. Further references to the Federal Rules of Bankruptcy Procedure shall be by rule number only.

filing of the involuntary petition, Mr. New, on behalf of the corporate Debtor, contracted with the Law Firm to perform the services rendered.

2. *The party for whom the work was performed approves the entry of the nunc pro tunc order;*

The notice of the motion *nunc pro tunc* was sent to all creditors and parties in interest, including the Debtor. The Debtor did not object and apparently supports the Motion as indicated by the affidavit of Tom New.

3. *The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;*

This Court's order setting the expedited hearing contained notice provisions. The Law Firm, by affidavit of service, has demonstrated to the Court that this notice which indicated the opportunity for the filing of objections was mailed to all creditors and parties in interest.

4. *No creditor or party in interest offers reasonable objection to the entry of the nunc pro tunc order;*

No creditor objected to the motion by the Law Firm. The U.S. Trustee filed an objection, now withdrawn, which indicated that the Law Firm needed to comply with all nine of the *Twinton* standards. Since the Court has determined that the other standards have been met, this standard has also, *ipso facto,* been met.

5. *The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 and Rule 215 [now Rule 2014] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;*

The Law Firm has demonstrated through the testimony of Ms. Barton that the Law Firm was disinterested at the time that it was employed, and remained disinterested during the bankruptcy case and the length of its representation and further that it does not hold or represent an interest adverse to the estate.

In order to demonstrate the differentiation between the interests of Tom New individually as opposed to the interests of the corporate Debtor, Ms. Barton testified that the Law Firm's efforts on behalf of the Debtor and the estate were on occasion in opposite to Mr. New's interests. Specifically, the Law Firm's points to three instances. First, the Plan of Reorganization which was proposed by the Debtor with the Law Firm's assistance provides for the subordination of any and all claims by Tom New individually against the Debtor to all other claims. Second, the Debtor's objection to, and resulting reduction in, the claim by Graham Engineering was not in Tom New's personal interest because Tom New individually remains liable on any remaining debt to Graham. Third, Ms. Barton testified that the Law Firm, on behalf of the Debtor, persuaded Tom New to agree to first apply his personal assets to any claim asserted against the Debtor by the United States Government before seeking to have the Government collect from the Debtor.

Additionally, Ms. Barton testified that Tom New had been and continues to be separately represented since the "beginning of this case" by the McNair Law Firm.

Since this evidence is uncontradicted and unchallenged, the Court accepts it as determinative of the disinterestedness of the Law Firm throughout this case.

6. *The work was performed properly, efficiently, and to a high standard of quality;*

The U.S. Trustee stipulated at the beginning of the hearing that it believed that this standard had been met. This case has been complicated, heavily litigated and has now resulted in a consensual amended plan of reorganization which this Court approved by confirmation order dated January 24, 1996.

7. *No actual or potential prejudice will inure to the estate or other parties in interest;*

It would appear to the Court that based upon the testimony by Ms. Barton as well as

the fact that no creditor objected to the amended plan of reorganization or the motion for *nunc pro tunc* employment, that no actual or potential prejudice as a result of an *nunc pro tunc* approval will inure to the estate or other parties in interest.

### 8. The applicant's failure to seek pre-employment approval is satisfactorily explained;

■ The Law Firm has demonstrated that the failure to obtain an order approving representation was due to an inadvertent oversight. Ms. Barton testified that the immediacy and highly complicated and demanding nature of the adjudication hearing and hearings on assumption or rejection of executory contracts and motions to appoint a trustee or examiner pending in this case at the time of their retention, the press of other cases in which she was involved, and the unique lack of information concerning the operations of the Debtor's business (because it had been under a management agreement with adverse parties and outside the control of the principal of the Debtor for some time), all led to time constraints for the Law Firm which contributed to the failure of the Law Firm to timely obtain an order approving its employment at or about the time when the schedules were filed.

### 9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

Ms. Barton testified that she was not aware of any other time within her ten year practice with the Law Firm, that the Law Firm had failed to timely request judicial approval of its employment as attorney for the Debtor.

It appears that all parties in this case were aware that the Law Firm held itself out as the attorneys for the Debtor in this case from the beginning, and that all parties recognized and addressed the Law Firm as such. There is nothing in the evidence and testimony before the Court that indicates that had the Law Firm requested timely approval of their employment that such would not have been approved.

### CONCLUSION

From the evidence presented at the hearing, it appears that the nine element test of *Twinton* has been met, and that all requirements established by *Twinton* and *Anderson Place* have been satisfactorily addressed by the Law Firm.

The failure of the Law Firm to obtain court approval at the initiation of the case is an error which had to be remedied. It was proper and appropriate for the Office of the United States Trustee in performance of its express statutory mandate to bring the error to the attention of the Court by way of its objection and to require the Law Firm to meet the requirement of demonstrating "extraordinary circumstances" which would justify *nunc pro tunc* approval of employment.

However, since the Law Firm's error was inadvertent and since it has met the requirements of the *Anderson* case, its employment *nunc pro tunc* shall be approved.[3] To be clear, this Court is very concerned about the approval of any matter on a *nunc pro tunc* basis and does not imply with this ruling a willingness on the part of the Court to easily approve *nunc pro tunc* applications. "Nunc Pro Tunc appointments must be the extraordinary exception rather than an accepted practice". *In re Twinton Properties Partnership,* 27 B.R. at 819. However, under the facts of this particular case, such approval appears to be justified. It is therefore,

**ORDERED,** that the motion of the law firm of Robinson, Barton, McCarthy & Calloway, P.A. to be employed by the Debtor on a *nunc pro tunc* basis is granted and employment of the law firm of Robinson, Barton, McCarthy & Calloway, P.A. as the attorneys for the Debtor is hereby approved as of September 19, 1994.

**AND IT IS SO ORDERED.**

---

**3.** By separate order this Court shall address the U.S. Trustee's objection to the Law Firm's present fee and expense application based upon the Law Firm's failure to timely disclose a postpetition retainer paid it by the principal of the Debtor.