**IN RE Georgia L. CARTER, Debtor(s)**

**Case No. 10–59509**

United States Bankruptcy Court,
S.D. Ohio, Eastern Division.

Signed July 7, 2015

July 8, 2015

Robert E. Bardwell, Robert E. Bardwell, Columbus, OH, for Debtor(s).

*MEMORANDUM OPINION AND ORDER ON APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL TO REPRESENT DEBTOR IN PERSONAL INJURY MATTER*

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for hearing on March 6, 2015 to consider the Application for Employment of Special Counsel to Represent Debtor in Personal Injury Matter (Doc. # 73) (the "Application") filed by the Debtor. The Application seeks to employ Philip C. Lauer and his law firm Scott Schiff & Associates Co., LPA (the "Firm"). Present at the hearing were Mr. Bardwell representing the Debtor, Georgia Carter, Philip C. Lauer ("Special Counsel"), and Don Mains representing the Chapter 13 Trustee, Frank M. Pees (the "Trustee"). The Debtor requests authority to employ Special Counsel to prosecute certain claims the Debtor has against Progressive Insurance Company ("Progressive")[1] for injuries the Debtor sustained in an automobile accident involving the Debtor and a person who was not insured.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

## II. FACTS

On August 8, 2010, the Debtor, Georgia L. Carter, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. In due course, the Debtor's proposed Chapter 13 Plan was confirmed. On August 6, 2013, the Debtor was involved in a car accident in which she sustained certain injuries. Two days later, on August 8, 2013, the Debtor engaged the Firm to represent her with respect to the automobile accident. The Debtor engaged the

---

1. Progressive is actually the Debtor's vehicle insurance company, however, because the person with whom she had the accident was uninsured, the Debtor is pursuing her uninsured motorist coverage through Progressive.

Firm on a contingency fee basis whereby the Firm and Special Counsel would receive 25% of any funds recovered on behalf of the Debtor. Special Counsel did not begin working on the Debtor's file until August or September 2014 almost a year after the Firm had been engaged.[2] Thereafter, Special Counsel was able to negotiate a settlement with Progressive and other interested parties. On September 23, 2014, Special Counsel discovered for the first time that the Debtor had filed bankruptcy. Special Counsel could neither confirm nor deny whether any other attorneys that worked for the Firm were ever aware that the Debtor was involved in a pending bankruptcy case. After learning about the Debtor's pending bankruptcy case, Special Counsel emailed the Debtor's bankruptcy attorney on October 17, 2014 to advise him of the settlement with Progressive.

On November 10, 2014, the Debtor filed the Motion of Debtor for an Order Approving a Compromise of the Claim of the Debtor Against Progressive Insurance Company and Authorizing Disbursement of Settlement Proceeds (Doc. # 70) (the "Motion to Compromise"). In the Motion to Compromise, the Debtor requested authority to settle her claims against Progressive for an amount of $15,901.00, of which the Debtor proposed to pay Special Counsel and the Firm $3,300.00 for their fees and expenses. The amount to be paid to the Firm and Special Counsel (i.e., $3,300) is actually only 20.75% of the settlement recovery. The Trustee filed Trustee's Objection to Debtor's Motion to Approve Compromise (Doc. # 71) (the "Objection") indicating that he did not object to the settlement amount that was offered, but he did object to the Firm and Special Counsel being paid from the set-

tlement proceeds because their employment had never been approved by this Court. Thereafter, the Debtor filed the Application requesting authority to employ Special Counsel and the Firm to prosecute her claims against Progressive for injuries the Debtor sustained in the automobile accident.

## III. DISCUSSION

### A. Employment of Professional Persons under 11 U.S.C. § 327

■■■ "A trustee or debtor-in-possession may not employ an attorney, accountant, or other professional person without the court's express approval." *Farinash v. Vergos (In re Aultman Enters.)*, 264 B.R. 485, 489 (E.D.Tenn.2001) (citing 11 U.S.C. § 327(a)). "Section 327 ... of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure require professionals including attorneys, to obtain court approval prior to being employed on behalf of the estate." *In re WDS, Inc.*, 336 B.R. 301 (Bankr.W.D.Ky. 2006). Section 327(a) states as follows:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

The purpose of 11 U.S.C. § 327 of the Bankruptcy Code is to provide notice to all creditors and parties in interest that the trustee is hiring a professional and is proposing to pay the professional

---

2. Special Counsel has been licensed to practice law in the State of Ohio for five years and has only worked for the Firm during that

time. In addition, Special Counsel's experience thus far in his career has been limited to personal injury litigation.

from estate funds. Section 327 also gives the Court the ability to perform a screening process, verify the necessity of employment, ensure the neutrality of the person employed, and control and limit estate expenses, thereby promoting efficient administration of the bankruptcy estate.

*In re McKenzie*, 449 B.R. 306, 318 (Bankr. E.D.Tenn.2011).

 The procedure for obtaining approval of employment of a professional is governed by Fed. R. Bankr.P.2014[3] and requires, among other things, that the trustee or committee file an application requesting Court approval of the employment. Rule 2014 also requires the application set forth certain facts regarding the need for and the terms of the employment, and establish that the applicant is disinterested. "The purpose of the rule requiring prior court authorization of a professional's employment is to prevent volunteerism and to assist the court in controlling administrative expenses." *In re McDaniels*, 86 B.R. 128, 129 (Bankr.S.D.Ohio 1988) (citation omitted).

A professional failing to comply with the requirements of the Code or Bankruptcy Rules may forfeit the right to compensation.... The services for which compensation is requested should be performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the person rendering such services may be considered an officious intermeddler or a gratuitous volunteer.

*Collier on Bankruptcy* P 327.03[2][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.2015). "Attorneys ... are simply not free to continue to take actions involving claims which belong to the bankruptcy estate without the authority granted by an appointment as special counsel." *Doucet v. Cooper (In re Cooper)*, 263 B.R. 835, 837 (Bankr.S.D.Ohio 2001) (citation omitted). "In some instances, however, a court may grant an application for employment *nunc pro tunc*." *In re Integrity Supply, Inc.*, 417 B.R. 514, 519 (Bankr.S.D.Ohio 2009).

## B. *Nunc Pro Tunc* Employment

 "[P]ursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, bankruptcy courts, possessing equitable powers, have the inherent power to issue an order *nunc pro tunc* appointing counsel for the trustee under extraordinary circumstances and upon a proper showing." *In re McDaniels*, 86 B.R. 128 (Bankr.S.D.Ohio 1988). Six Circuit Courts have held that the bankruptcy court has this discretion. *In re Jarvis*, 53 F.3d 416 (1st Cir.1995); *In re Singson*, 41 F.3d 316, 319–20 (7th

---

**3.** Rule 2014(a) provides:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 ... of the Code shall be made only on application of the trustee or committee. The application shall be filed and ... a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

<br>

Cir.1994); ' *Land v. First Nat'l Bank of Alamosa (In re Land),* 943 F.2d 1265, 1267–68 (10th Cir.1991); *F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.),* 844 F.2d 99, 105 (3rd Cir.1988), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988); *Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.),* 837 F.2d 389, 392 (9th Cir.1988); *In re Arkansas Co., Inc.,* 798 F.2d 645, 648–50 (3rd Cir.1986); *In re Triangle Chems., Inc.* 697 F.2d 1280, 1284 (5th Cir.1983). The more difficult question concerns how and when that discretion should be exercised. There has not been a Sixth Circuit opinion on the appropriate standard for the application of retroactive relief. *Hunter Savings Assoc. v. Baggott Law Offices Co., L.P.A. (In re Georgetown of Kettering, Ltd.),* 750 F.2d 536, 539 (6th Cir.1984) (*nunc pro tunc* issue was raised but not addressed because the professional was disqualified because he had an actual conflict). *See also Mitan v. Duval (In re Mitan),* 573 F.3d 237, 244–45 (6th Cir.2009) (discussing bankruptcy court's ability to grant *nunc pro tunc* relief generally and the considerations for doing so).

*In re McKenzie,* 449B.R. 306, 318–319 (Bankr.E.D.Tenn.2011).

To establish the basis for a *nunc pro tunc* order of employment, an applicant must demonstrate each of the following requirements and, all evidentiary matters must be established by clear and convincing evidence:

1. The application must be one which would have been approved originally by the Court, measured by the requirements of 11 U.S.C. § 327 and Bankruptcy Rule 2014 at or before the time the services were actually commenced;

2. Evidence must appear in the record of the case which demonstrates that the Court and other interested parties had actual knowledge of the legal services being rendered by the applicant;

3. An application seeking an order *nunc pro tunc* must be filed as soon as the matter is brought to the attention of the applicant;

4. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

5. The applicant has provided notice of the application for the *nunc pro tunc* order to creditors and parties in interest and has provided an opportunity for filing objections;

6. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;

7. If the applicant is also seeking compensation at this point, the applicant must have provided notice of the application for fees to any parties in interest, thus providing an opportunity for objections as provided in 11 U.S.C. § 330;

8. A sustainable objection must not be filed to the applicants [sic] request for attorney fees;

9. No actual or potential prejudice will inure to the estate or other parties in interest;

10. The applicant's failure to seek pre-employment approval is satisfactorily explained;

11. The applicant exhibits no pattern of inattention or negligence in seeking judicial approval of employment of professionals, measured in some degree by the applicants [sic] experience in this field of law.

*In re Integrity Supply, Inc.,* 417 B.R. 514, 519 (Bankr.S.D.Ohio 2009) (quoting *In re McDaniels,* 86 B.R. 128, 133–34 (Bankr. S.D.Ohio 1988)). In the instant case, Special Counsel does not represent an interest adverse to the bankruptcy estate and is disinterested, so the Application is one which would otherwise have been approved pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014 if it had been filed prior to the services being rendered. There is

no evidence in the record that demonstrates that the Court and other interested parties had actual knowledge of the legal services being provided by Special Counsel and the Firm. Special Counsel learned about the Debtor's pending bankruptcy case on September 23, 2014, but the Application was not filed until December 4, 2014. Though the Court would have preferred that the Application had been filed sooner or at least at the same time as the Motion to Compromise which was filed November 10, 2014, the span of a couple of months between discovering the Debtor was involved in a pending bankruptcy case and filing the Application is not unconscionable. Neither the Trustee nor the Debtor, the parties for whom the services were performed, have interposed an objection to Special Counsel's request to be employed on a *nunc pro tunc* basis. All parties in interest have been provided the proper notice of Special Counsel's request to be employed on a *nunc pro tunc* basis and have been provided an opportunity to object to same. No creditors or parties in interest have objected to the Application. Special Counsel is seeking compensation in the amount of $3,300.00 which represents 20.75% of the settlement proceeds and all parties in interest were provided notice of same with an opportunity to object. Approval of the Application will not result in any actual or potential prejudice to the bankruptcy estate or other parties in interest. To be sure, if the Debtor fails to file an amended Schedule C to claim an exemption in the settlement proceeds, the bankruptcy estate and parties in interest may benefit from them if they are administered by the Trustee. Special Counsel satisfactorily explained that his failure to seek pre-employment approval was due to the fact that he was unaware of the Debtor being involved in a pending bankruptcy until September 2014, and there was no evidence that the Firm or any of its other attorneys were previously aware of the

Debtor's pending bankruptcy. And finally, no evidence was presented to suggest that Special Counsel has exhibited a pattern of inattention or negligence in seeking judicial approval of employment in other matters before this Court. Though Special Counsel failed to satisfy the second criterion and maybe the third, the Court finds that, in considering the factors discussed above, and in light of the circumstances presented in this case, Special Counsel's request to be employed on *nunc pro tunc* basis along with the Firm should be approved.

The Court's decision in this case should not be construed as countenancing the failure to seek Court approval when employing special counsel to represent a debtor and/or the bankruptcy estate. The Court is disturbed by what appears to be a trend that parties seek authority to employ professionals, if at all, after a cause of action is settled or when it is time to pay professional fees. When a cause of action involves post-petition occurrences or events, it constitutes a newly acquired asset that is property of the bankruptcy estate. The debtor then has the responsibility to seek Court authority to hire a professional to represent her and the bankruptcy estate's interests. Attorneys that represent debtors in bankruptcy cases need to be sure to communicate the significance of seeking Court approval before engaging a professional to represent the interests of the bankruptcy estate because as described above, the Court has a strong interest in preventing volunteerism and controlling administrative expenses.

## IV. CONCLUSION

In light of the foregoing, it is

**ORDERED AND ADJUDGED** that the Application for Employment of Special Counsel to Represent Debtor in Personal Injury Matter (Doc. # 73) is GRANTED. It is further,

**ORDERED AND ADJUDGED** that the attorney for the Debtor, Robert E. Bardwell, shall disburse from the settlement proceeds being held in his trust account, the amount of $3,300 to Philip C. Lauer. It is further,

**ORDERED AND ADJUDGED** that the attorney for the Debtor, Robert E. Bardwell, shall continue to hold any remaining settlement proceeds in trust pending further order of this Court. It is further,

**ORDERED AND ADJUDGED** that the Debtor shall have fourteen (14) days from the date of entry of this order to file an amended Schedule C asserting an exemption if she so chooses. If the Debtor fails to assert an exemption in the remaining settlement proceeds within fourteen (14) days of the date of entry of this order, the attorney for the Debtor, Robert E. Bardwell, shall disburse the remaining settlement proceeds to the Chapter 13 Trustee, Frank M. Pees, so that he can administer same for the benefit of the bankruptcy estate.

**IT IS SO ORDERED.**