### IN RE: BUTTERFLIEZ SERVICES, LLC, Reorganized Debtor.

### Case No. 15–50914

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed December 22, 2016

James E. Nobile, Nobile & Thompson Co., L.P.A., Hilliard, OH, for Reorganized Debtor.

**ORDER DISCHARGING ORDER TO SHOW CAUSE, SETTING CERTAIN DEADLINES, AND DIRECTING ATTORNEY BRIAN GARVINE TO DISGORGE FEES PAID BY DEBTOR FOR SERVICES RENDERED TO RAMONA HAWKINS**

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for hearing on December 16, 2016, upon the Order Requiring Brian M. Garvine and Hemphill and Associates to Appear and Show Cause Why They Should Not Be Required to Disgorge Fees, and Requesting Counsel for Debtor and United States Trustee to Appear at Hearing (Doc. #97) (the "Show Cause Order"), entered November 18, 2016. The Show Cause Order was issued because Butterfliez Services, LLC ("Debtor") paid fees to Mr. Garvine and Hemphill for professional services without obtaining authorization to employ and pay such professionals, as required by 11 U.S.C. §§ 327 and 330, and thus, the Court found it appropriate to hold a hearing to determine whether Mr. Garvine and/or Hemphill should be required to disgorge said fees. Present at the hearing were Debtor's sole member, Ramona Hawkins ("Ms. Hawkins"), attorney Jim Nobile as counsel for Debtor, attorney Shane Flannery for the United States Trustee (the "UST"), attorney Brian Garvine ("Mr. Garvine"), and Jesse Hemphill, appearing as a representative of Hemphill and Associates ("Hemphill").

At the hearing, Debtor and the UST contended that, because Mr. Garvine and Hemphill did not play a central role in the administration of Debtor's affairs and the bankruptcy estate, Mr. Garvine and Hemphill were not considered "professionals" within the meaning of § 327, and that approval of their employment under § 327(a) was therefore unneeded. Debtor further suggested that Mr. Garvine and Hemphill fell within the limited exception to the requirement that a debtor in possession obtain approval of the employment of a professional, which is set forth in § 327(b). The Court disagrees with both arguments.

When interpreting requirements imposed by statute, the Court must first look to the language of the statute itself. *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 371 (6th Cir. 2007) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)). "If the language of the statute is clear, then the inquiry is complete, and the court should look no further." *Id.* (citing *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 185 n.29, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978)). "Only if the statute is 'inescapably ambiguous' should a court look to other persuasive authority in an attempt to discern legislative meaning." *Id.* at 371–72 (citing *Garcia v. United States*, 469 U.S. 70, 76 n.3, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984)).

Section 327(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee[1], *with the court's approval*, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a) (emphasis added). At the hearing, Mr Garvine stated that he represented Debtor with respect to "normal" business issues, such as handling payment issues with persons that were previously employed by

1. With limited exceptions, a debtor in possession is given all the rights and powers of a trustee serving in a case under Chapter 11. *See* 11 U.S.C. § 1107.

Debtor and matters relating to Debtor's vendors. Hemphill represented that it assisted Debtor with accounting matters, including preparing tax returns and documents that Debtor was required to file with the various taxing authorities. These matters are within the scope of a debtor in possession's duties under the Bankruptcy Code,[2] and thus, § 327(a) unambiguously requires a debtor in possession to obtain court approval of the employment of an attorney—such as Mr. Garvine—and/or an accountant—such as Hemphill—to represent or assist the debtor in possession with such matters. The Court therefore finds the argument that Mr. Garvine and Hemphill are not within the scope of "professionals" to which § 327(a) applies to be without merit.

■ The Court must likewise reject Debtor's argument that Mr. Garvine and Hemphill fall within the limited exception—set forth in § 327(b)—to the requirement that Debtor obtain court approval to employ professionals. Section 327(b) allows a trustee or debtor in possession that is authorized to operate the business of the debtor, "if the debtor has regularly employed attorneys, accountants, or other professional persons *on salary*, [to] retain

or replace such professional persons if necessary in the operation of such business." 11 U.S.C. § 327(b) (emphasis added). It is clear from the record that Mr. Garvine and Hemphill were not salaried employees of Debtor prior to commencement of Debtor's bankruptcy case, and neither were employed as replacements for salaried employees. Moreover, although Debtor cited case law for the proposition that § 327(b) may apply to a professional on retainer,[3] such an interpretation § 327(b) directly conflicts with the clear language of the statute. The Court therefore cannot give credence to Debtor's argument.

■ Notwithstanding the foregoing, however, the Court will allow Debtor to file an application to employ Hemphill and a supplement to its application to employ Mr. Garvine (Doc. 34).[4] The application and the supplement shall explain why the Court should approve the employment of Hemphill and Mr. Garvine, respectively, on a *nunc pro tunc* basis, and shall address the factors courts are to consider when faced with a request to approve the employment of a professional *nunc pro tunc*, as set forth in *In re Carter*, 533 B.R. 632 (Bankr. S.D. Ohio 2015).

---

**2.** *See* 11 U.S.C. §§ 1106 and 1107.

**3.** Debtor cites *In re Lowry Graphics, Inc.*, 86 B.R. 74, 78 (Bankr. S.D. Tex. 1988) for the proposition that 11 U.S.C. § 327(b) may, under certain circumstances, apply to professionals on retainer. The statement on which Debtor relies, however, was made in the court's general explanation of the application of § 327(b); whether such section may apply to a professional on retainer was not at issue in *Lowry* and the court did not conduct any analysis with respect to such issue. Additionally, the case which *Lowry* cites for such proposition—*Comm. of Asbestos–Related Litigants and/or Creditors v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 60 B.R. 612 (Bankr. S.D.N.Y. 1986)—does not address whether § 327(b) may apply to professionals on retain-

er. In *Johns–Manville Corp.*, the court instead found that retainers paid by the debtor to non-attorney lobbyists were made in the ordinary course of the debtor's business within the meaning of § 363(c), and that, under the circumstances of that case, those non-attorney lobbyists were not "professional persons" within the meaning of § 327(a). Thus, the court found that court approval of the employment of the lobbyists was not required. *Id.* at 620–21.

**4.** Debtor filed an application seeking authorization to employ Mr. Garvine (Doc. 34) on July 24, 2015. No objections were filed to the application, but an order was never entered approving the application—the Court has no record of receiving a proposed order granting the application from Debtor's counsel.

Last, at the hearing on the Show Cause Order, Debtor and Mr. Garvine conceded that a portion of the legal fees paid by Debtor were for services rendered to or for the benefit of Ms. Hawkins, individually. As noted by the Court at the hearing, this was an improper use of estate assets, and thus, the Court will require Mr. Garvine to disgorge to Debtor all fees related to such services that were paid by Debtor during the pendency of this case.

In accordance with the foregoing, it is

**ORDERED** that the Order Requiring Brian M. Garvine and Hemphill and Associates to Appear and Show Cause Why They Should Not Be Required to Disgorge Fees, and Requesting Counsel for Debtor and United States Trustee to Appear at Hearing (Doc. #97) is hereby DIS-CHARGED. It is further

**ORDERED** that, **on or before December 30, 2016**, Debtor shall file an application to employ Hemphill and a supplement to its application to employ Mr. Garvine (Doc. 34), in accordance with the directions set forth in this Order and explained at the hearing on the Show Cause Order. If there are no objections, Debtor's counsel shall promptly submit an order approving the applications upon the expiration of the applicable notice period. It is further

**ORDERED** that, **within fourteen (14) days of the date of entry of this Order,** Mr. Garvine shall disgorge to Debtor all fees relating to legal services provided to or for the benefit of Ms. Hawkins, individually, that were paid by Debtor during the pendency of this case. Upon Mr. Garvine's compliance with this paragraph, counsel for Debtor shall file a notice informing the Court of the amount disgorged and the date payment was remitted to Debtor. It is further

**ORDERED** that applications seeking approval of the compensation paid to Mr.

Garvine and Hemphill shall be filed **on or before January 18, 2017.**

**IT IS SO ORDERED.**